DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

MARCH TERM, 1882.

---

### TIMOTHY Y. BROWN v. JAMES B. WARDEN.

1. On a demurrer, a copy of the instrument sued on will not be noticed, unless it is made part of the declaration, by being referred to therein.
2. If a plea or demurrer be struck out as frivolous, such order cannot be reviewed on a writ of error.
3. The Court of Errors will, in a proper case, allow proceedings to be taken after argument, to amend the record sent up from the inferior court.

---

On error to the Supreme Court.

For the plaintiff in error, *W. R. Wilson.*

For the defendant in error, *Charles W. Kimball.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The pleadings and record in this case are so replete with imperfections and errors that, as matters now stand, the questions embraced in the argument are not properly presented to this court.

VOL. XV.                    M                    177

The suit, as appears from the admissions of the respective counsel, was founded on an ordinary money bond, but in violation of the express direction of the one hundred and twenty-fifth section of the Practice act, neither its condition nor breach was assigned in the declaration. There was a copy of this instrument annexed to and filed with the declaration, but such' copy was not referred to in such pleading. With the intention of raising the question whether such a course of pleading was legal, the defendant filed a general demurrer, and, in order to show that the bond in suit was subject to a condition, the above-mentioned copy of the bond was relied on. But, in the case of *Harrison* v. *Vreeland,* 9 *Vroom* 366, it had already been decided, in view of very plain rules of pleading, that such a copy of an instrument could not be resorted to for such a purpose. The declaration was to be read as though such copy were not in existence, and the consequence was, the demurrer simply admitted the unqualified statements of the count. That count was a copy of the form contained in 2 *Chit. Pl.* 436, and consisted of an allegation that the deceased, who was represented by the defendant as his executor, by his certain writing obligatory, sealed with his seal, &c., acknowledged himself to be held and firmly bound to the plaintiff in the sum of \$33,000, to be paid to the plaintiff. For aught that appeared, the instrument sued on was a single bill, that is, a sealed obligation, subject to no condition whatever. The defendant's demurrer admitted the truth of the facts stated, and it was thereby conclusively shown that the plaintiff was entitled to recover the sum thus admitted. Such a demurrer was manifestly frivolous, and, on motion, it was overruled as such by a justice of the Supreme Court. The error of the counsel of the defendant, in this particular, was in not putting properly on the record a copy of the bond in question, thus showing that it was subject to a condition which was not stated in the declaration; an end readily to be accomplished, by craving *oyer* of such instrument, and setting it out in the demurrer. But, as the pleadings were framed, the order overruling the demurrer was plainly proper.

The next error on the side of the counsel of the defendant was in treating this order as the subject of a writ of error. The right to overrule and suppress pleadings as sham and frivolous has existed in the superior courts of common law from time immemorial, and no attempt has ever been made before the present occasion to place such incidental orders for review before an appellate court. That they were not of a character to give cognizance of them to a Court of Errors was expressly declared in *Hogencamp* v. *Ackerman & Brown*, 4 *Zab.* 133. The frame of the sections in the Practice act touching this subject likewise clearly indicates that it was not the legislative design to give an appellate court any supervision over these orders, and that the purpose was to leave them as they were at common law. Section 132 of the Practice act, (*Rev.*, *p.* 868,) which relates to the striking out of irregular and defective pleadings, directs that the order striking out such pleadings may be entered on the record and that errors may be assigned thereon; but the next ensuing section provides that a frivolous plea or demurrer may be struck out by the court or a judge either in term-time or vacation, but it contains no authority to enter such order on the record, or to make it the subject of an assignment of error. The present writ of error is therefore utterly useless for the purposes for which it was designed.

But there is a third error in this case which appears to be the result of very great carelessness and inattention. The record, as it has been sent up to this court, does not truly state the course of proceedings in the cause, according to the admissions of the counsel on each side. That record is thus composed : we have here in this certificate of the Supreme Court, first, the declaration containing the single count whose contents have already been stated; then a demurrer, to which there is no joinder; then a decision on an issue supposed to be raised by this demurrer to the effect that this count is legal, and lastly, an assessment of damages and judgment.

Now, from the history of this case above given, it has appeared that there was no decision of any question of law

raised by this demurrer, but, on the contrary, such demurrer was struck out as frivolous. The consequence of such order was to strike out and suppress the demurrer, so that it is irregular and improper to insert it in the record, for it has no existence, and the judgment should have been entered on a *nil decit*, the suit being practically undefended.

But there is a difficulty of a most serious character in these proceedings as they are now disclosed to this court. Upon the present record the judgment below appears to be erroneous, for it should have been, not for the plaintiff, but in favor of the defendant. I have said that according to the record there is a demurrer and no joinder to it, and if that was the situation before the court below the plaintiff had no claim to success. By the one hundred and fortieth section of the Practice act, it is enacted that if the plaintiff does not join in demurrer in thirty days after the filing thereof, he shall be non-prossed. The only judgment, therefore, that was proper in this case, if the record speaks the truth, was a judgment of that character. It is obvious that the procedure, as it occurred in the Supreme Court, has not been correctly reported to this court. The record should consist of a copy of the declaration, followed by a judgment founded on a default in the defendant in not pleading.

It is manifest that in the present aspect of the case a legal and just result cannot be reached. The record must be amended, and to that end the defendant in error should allege diminution and issue a *certiorari* in the mode appointed in *Apgar's Adm'rs* v. *Hiler*, 4 *Zab.* 808. For this purpose he should have until the next term. Upon the coming in of the corrected record he will be entitled to have the judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, GREEN, WHITAKER.    12.

*For reversal*—None.